**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**LAMAR KITCHENS**                                            **PETITIONER**

**v.**                                                            **No. 1:10-CV-209-A-V**

**DALE CASKEY, ET AL.**                                       **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Lamar Kitchens for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition, and Kitchens has filed a traverse. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### Facts and Procedural Posture

Lamar Kitchens is in the custody of the Mississippi Department of Corrections and is currently housed at the East Mississippi Correctional Facility in Meridian, Mississippi. Kitchens was convicted in the Circuit Court of Winston County, Mississippi, on two counts of aggravated assault. The trial court sentenced the Kitchens on May 10, 2006, to serve consecutive terms of twenty years on each count in the custody of the Mississippi Department of Corrections. As to Count II, the order provided that "[after] the defendant has served a period of ten years, the Mississippi Department of Corrections is hereby ordered to place him in a program of post-release supervision . . . for a period of ten (10) years [the first Five Years being supervised with the remaining Five Years being unsupervised] . . ." *See* State Court Record (S.C.R.) (Cause No. 2008-KA-01940-SCT), Vol. 1, pp. 88-89.

Kitchens, through new appellate counsel, appealed his judgments of conviction and

sentences to the Mississippi Supreme Court, assigning as error the following (as stated by petitioner's counsel):

A. Whether the verdicts were against the overwhelming weight of the evidence.

On August 27, 2009, the Mississippi Supreme Court *per curiam* affirmed Kitchens' convictions and sentences. *See* (mandate of the Mississippi Supreme Court (Cause No. 2008-KA-1940-SCT)).

Kitchens then filed an "Application for Leave to Proceed in the Trial Court" in which he raised the same claims raised in the instant federal petition for a writ of *habeas corpus*, as will be listed below – but for the claim challenging the weight of the evidence raised by his counsel on direct appeal. The Mississippi Supreme Court denied Kitchens' application for post-conviction relief, holding:

> After due consideration, the panel finds that Kitchens' claims regarding his arrest, his interview with police, his initial appearance, the indictment, his right to testify, judicial misconduct, prosecutorial misconduct, jury instructions and his right to a speedy trial are procedurally barred and/or without merit. MISS. CODE ANN. § 99-39-21(1). The panel further finds that Kitchens' claims that he received constitutionally ineffective assistance of counsel at trial and on appeal fail to meet both prongs of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The panel finds that Kitchens has failed to make a substantial showing of the denial of a state or federal right. MISS. CODE ANN. § 99-39-27(5). Accordingly, Kitchens' application for post-conviction collateral relief should be denied.

*See* Denial of Kitchens' application for post-conviction collateral relief) (Cause No. 2009-M-01427).

Kitchens filed the instant petition for writ of *habeas corpus* in this court, raising the following claims (as stated by Kitchens):

**Ground One**: Whether the verdicts were against the overwhelming weight of the evidence?

**Ground Two**: Petitioner's arrest was illegal and unlawful in violation of his Fourth Amendment.

**Ground Three**: Petitioner's initial appearance hearing was unconstitutional in violation of Sixth Amendment.

**Ground Four**: Petitioner's indictment was facially and fatally defective in violation of Fifth Amendment.

**Ground Five**: Petitioner's right to testify was denied in violation of Fifth Amendment.

**Ground Six**: Petitioner was denied his right to a fair trial by judicial misconduct in violation of his Sixth Amendment.

**Ground Seven**: Petitioner was denied his right to a fair trial by prosecutorial misconduct in violation of Sixth Amendment.

**Ground Eight**: Petitioner was denied effective assistance of counsel in violation of Sixth Amendment.

    A.  Counsel failed to conduct any meaningful investigation of interviewing any of the state's witnesses.

    B.  Counsel failed to motion to suppress petitioner's statement on grounds that said statement had only one witness signature on it when the waiver of rights had two signatures.

    C.  Counsel failed to motion to suppress petitioner's gun due to an unlawful arrest.

    D.  Counsel failed to have the Eubanks' statements suppressed due to the fact that only one, as opposed to two, witness' signatures was on it.

    E.  Counsel failed to motion for a mental evaluation.

    F.  Counsel failed to investigate "911" to verify that petitioner's son and daughter-in-law made the call to 911, as opposed to State's witness.

G.  Counsel failed to have petitioner examined by doctor to determine the assault by the victim upon petitioner.

H.  Counsel failed to motion to quash indictment based upon the said defects.

I.  Counsel failed to file motion to quash indictment based upon speedy trial violation.

J.  Counsel failed to have the victim's gun tested since the State had refused to.

K.  Counsel failed to motion to suppress due to the change of custody violation.

L.  Counsel failed to quash indictment due to him not having his rights read.

M.  Counsel failed to object to victim's gun and holster being brought to the courtroom.

N.  Counsel failed to have the sign post examined.

O.  Counsel failed to object to playing of petitioner's taped statement.

P.  Counsel introduced petitioner's first written statement to the jury but refused petitioner to testify.

Q.  Counsel failed to establish a meaningful defense of self-defense.

R.  Counsel failed to investigate why no one else was not tested for gun shot residue.

S.  Counsel failed to cross-examine expert witness.

T.  Counsel denial and refused to allow petitioner's son and daughter-in-law to testify.

U.  Counsel filed Jury Instruction D-6, but refused to allow petitioner to testify concerning accident.

V.  Counsel withdrew jury instruction on simple assault as to count two when evidence would support it.

W.  Counsel should not have given Jury Instructions D-3, D-4, D-5 because no evidences given to support them.

X.  Counsel failed to argue for a self-defense instruction since said statement spoke of it.

Y.  Appellate counsel failed to perfect a meaningful appeal to the supreme court when the trial was replete with constitutional errors.

Z.  Appellate counsel failed to raise an ineffective assistance of counsel claim when the trial counsel performance as replete with errors.

**Ground Nine**: Petitioner's jury instructions were defective in violation of Fifth Amendment.

**Ground Ten**: Petitioner's right to a speedy trial was denied in violation of Sixth Amendment.

Kitchens has exhausted his state court remedies as to all of the issues raised in the instant petition.

**Procedural Bar: Grounds Two, Three, Four, Five, Six, Seven, Nine, and Ten**

The petitioner's claims in Grounds Two, Three, Four, Five, Six, Seven, Nine and Ten of this federal *habeas corpus* petition were raised in Kitchens' motion for post-conviction relief and held to be procedurally barred MISS. CODE ANN. § 99-39-21(1) by the Mississippi Supreme Court.[1]  Therefore, the court cannot review these claims.  "When a state court declines to hear a

---

[1]Section 99-39-21(1) provides as follows: "Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial, and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver."

prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal *habeas* is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)).

Section 99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). The adequacy of the procedural bar applied to Kitchens' claims in state court depends on "whether Mississippi has strictly or regularly applied it." *Id.* (citing *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). However, the petitioner "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id.* Kitchens has not shown that the Mississippi Supreme Court has inconsistently or irregularly applied the bar of § 99-39-21(1) and has, therefore, defaulted his federal claim. *Id.* at 861.

This court could, however, review these claims if the petitioner could show cause for his default and actual prejudice resulting from it. *See Coleman*, 501 U.S. at 750; *see also Martin v. Maxey*, 98 F.3d at 849 (*citing Sawyer v. Whitley*, 505 U.S. 333 (1992)). In explaining the cause necessary for excusing a default, the Supreme Court instructed that "there must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). Examples of objective factors which have been found to constitute *cause* to excuse a procedural default include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [petitioner]." *McCleskey v.*

*Zant*, 499 U.S. 467 (1991).  Kitchens has shown neither cause nor prejudice from application of the default.

In addressing attorney error as a potential cause for a procedural default, the United States Supreme Court held:

> We think, then, that the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, *supra*, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

*Murray v. Carrier*, 477 U.S. at 488.

While Kitchens argued ineffective assistance of counsel with regard to certain of the barred claims in his state court pleadings, the state court determined that all of Kitchens' claims of ineffective assistance of counsel were without merit because Kitchens failed to meet both prongs of *Strickland, supra*.  Since Kitchens fails to establish cause, the court need not consider whether he suffered actual prejudice to petitioner.  *Saahir v. Collins*, 956 F.2d 115 (5th Cir. 1992).

Neither has Kitchens shown that a "fundamental miscarriage of justice" occurred, another circumstance which might warrant a review of his claims despite his procedural default.  To benefit from this exception, Kitchen must show "as a factual matter, that he did not commit the crime of conviction."  *Fairman v. Anderson*, 188 F.3d 635, 644 (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).  He has not supported his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id*.  Indeed, Kitchens has not proffered any new evidence to establish that a miscarriage of justice will result if his claims in

Grounds Two, Three, Four, Five, Six, Seven, Nine and Ten of the instant petition are not considered on the merits. As such, these claims will be dismissed under the doctrine of procedural default.

### Grounds One and Eight: Decided on the Merits in State Court

The Mississippi Supreme Court has already considered Grounds One and Eight on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal

law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One and Eight of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

### Ground One: Conviction Was Against the Weight of the Evidence

In Ground One, Kitchens challenges the weight of the evidence to support his conviction. A *habeas corpus* challenge to the weight of the evidence is not an issue within the purview of a federal court. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985)("A federal *habeas* court has

no power to grant *habeas corpus* relief because it finds that the state conviction is against the 'weight' of the evidence . . . .") As such, Kitchens is not entitled to relief based on his challenge to the weight of the evidence in Ground One.

## Ground Eight: Ineffective Assistance of Counsel

Ground Eight contains Kitchens' *twenty-six* allegations that counsel was ineffective; these allegations literally run from A to Z. After setting forth the standard of review for such claims, the court will discuss each, in turn, below.

To merit habeas corpus relief on a claim of ineffective assistance of counsel, one seeking federal *habeas corpus* relief must show both constitutionally deficient performance by counsel – and actual prejudice as a result of the deficiency. *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A petitioner's failure to establish either prong of the *Strickland* test requires the court to reject the claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986)(overruled on other grounds).

Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Counsel's performance is deficient if "it falls below an objective standard of reasonableness" as measured by professional norms. *Strickland*, 466 U.S. at 688. The "defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498

(5th Cir. 1988).  Indeed, a strong presumption exists that counsel has exercised reasonable

professional judgment.  *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th

Cir. 1986).

To prove prejudice, petitioner must demonstrate that the result of the proceedings would

have been different or that counsel's performance rendered the result of the proceeding

fundamentally unfair or unreliable.  *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116

S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d

282, 286 n.9 (5th Cir. 1997).

### Grounds 8(A), 8(F), 8(N), and 8(R):  Failure to Investigate

Kitchens alleges in Grounds 8(A), 8(F), 8(N), and 8(R) that counsel failed to investigate

various aspects of the case.  Kitchens does not provide any detail regarding any of these

allegations; as such, the allegations are conclusory – thus insufficient to warrant *habeas corpus*

review.  Kitchens first contends in Ground 8(A) that counsel failed to conduct a meaningful

investigation and failed to interview the state's witnesses.  Kitchens also contends in Ground

8(F) that counsel failed to investigate who placed the 911 call.  Kitchens further argues in

Ground 8(R) that counsel failed to investigate why no one else was tested for gunshot residue.

He also claims in Ground 8(N) that counsel failed to have a signpost examined.  Kitchens does

not state what additional investigation or preparation should have been undertaken by counsel,

what additional investigation would have revealed, or how additional investigation or preparation

would have altered the outcome of his trial.  Mere "conclusory allegations of ineffective

assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."  *Miller v.

Johnson,* 200 F.3d 274, 282 (5th Cir. 2000) (citations omitted); *see also Collier v. Cockrell,* 300

F.3d 577, 587 (5th Cir. 2002) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."). By raising only conclusory allegations, Kitchens has not raised an issue proper for *habeas corpus* review in Grounds 8(A), 8(F), 8(N), and 8(R). These grounds for relief will therefore be dismissed.

### Ground 8(B) and 8(D): Failure to Seek Suppression of Statements Bearing Only One Signature

Kitchens next challenges counsel's decision not to seek suppression of statements by Kitchens, one of the victims, and his wife. Kitchens argues that the statements were signed by only one witness, rather than two. These allegations provide no constitutional basis upon which counsel could have lodged an objection. As such, Kitchens has shown neither deficiency nor prejudice in counsel's actions. *See, e.g., Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."); *see also United States v. Gibson,* 55 F.3d 173, 179 (5th Cir. 1995) (attorney not required to file meritless motions). These grounds for relief are without merit and will be dismissed.

### Ground 8(C): Failure to Seek Suppression of the Petitioner's Gun Due to Unlawful Arrest

Kitchens argues in Ground 8(C) that counsel failed seek suppression of his gun "due to an unlawful arrest." Kitchens does not, however, set forth the basis for such a motion – why his arrest was unlawful. Kitchens does not support this argument at all. The record reflects that Kitchens shot at one of the victims, hit him over the head with pliers, then shot the other victim. Kitchens was arrested on the scene and turned his gun over to police at that time. As there was no basis upon which counsel could have objected, Kitchens has shown neither deficiency nor prejudice in counsel's actions. This

ground for relief will be dismissed for want of substantive merit.

### Ground 8(E):  Failure to Seek a Mental Evaluation of the Petitioner

Kitchens argues in Ground 8(E) that counsel was ineffective for choosing not to seek a mental evaluation.  Kitchens, once again, fails to proffer record evidence that counsel had reason to file such a motion – and provides no support for a finding that such a motion would have been successful.  As such, Kitchens has proven neither a deficiency nor prejudice in counsel's actions; instead this ground for relief is conclusory, and Ground 8(E) will be dismissed as meritless.

### Ground 8(G): Failure to Have Petitioner Examined
### by a Doctor to Show that He Was Attacked by the Victim.

Kitchens claims in Ground (G) that counsel was ineffective for failing to have petitioner examined by a doctor to determine whether the victim assaulted the petitioner.  However, the record reflects that counsel argued from the outset of the case that the victims "beat down" his client.  S.C.R. Vol. 2, p. 16.  Indeed, during trial, Kitchens' counsel introduced photographs of Kitchens taken on the night of the assault showing abrasions on his arms.  S.C.R. Vol. 2, p. 62.  Counsel's decision to use the photographs, rather than a doctor's evaluation, is a matter of trial strategy, as a doctor may not have agreed with Kitchens' assessment that the wounds were defensive in nature.  The court will not second-guess this strategic decision.  The state court's decision on this matter is reasonable in fact and in law; as such, this ground for relief is without merit and will be dismissed.

## Grounds 8(H), 8(I), and 8(L): Counsel's Failure
## to Seek to Quash the Indictment

Kitchens argues in Grounds 8(H), 8(I), and 8(L) that counsel was ineffective for failing to move to quash the indictment based upon an alleged speedy trial violation and because the police allegedly did not relay to Kitchens his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). First, the indictment, which is contained in the state court record, is proper on its face, S.C.R. Vol. 1, p. 3, as it sets forth the charges against Kitchens, including the applicable section of the criminal statute, the crime charged, and the factual basis for the charge. In addition, the indictment is signed by both the grand jury foreman and an Assistant District Attorney. *Id.* Counsel had no basis upon which to seek to quash the indictment, and counsel provided effective assistant in deciding not to do so.

Kitchens also argues that counsel should have moved to quash the indictment because the arresting officers did not recite his *Miranda* warnings. This appears to be a challenge to the statement Kitchens gave to police – a statement which was used in support of his indictment. These claims are refuted by the record, which contains a "Waiver of Rights" executed on July 9, 2007, signed by Kitchens, and witnessed by two officers. In the statement Kitchens said that he understood the rights he was waiving and was willing to make a statement. S.C.R. Vol. 1, p. 11. In addition, testimony at trial established that Kitchens made a voluntary statement to police. S.C.R. Vol. 2, pp. 52-56. Indeed, counsel stressed this fact to the jury during cross-examination. S.C.R. Vol. 2, p.

58.  As such, counsel rendered effective assistance in his decision not to seek to quash the indictment.  As to the alleged speedy trial violation, there was none, as counsel sought and obtained multiple continuances which inured to Kitchens' benefit.  These grounds for relief are without merit and will be dismissed.

### Ground 8(J):  Counsel's Failure to Have the Gun Tested

Kitchens also claims that counsel was ineffective in failing to have the victim's gun tested to determine whether it was fired.  First, record does not reflect whether counsel had the gun tested or not.  In addition, no witness testified that any other weapons were fired during the fight.  Indeed, testimony from one of the state's witnesses established that all shots fired at the scene were from the same gun.  S.C.R. Vol. 2, p. 92.  Kitchens also fails to suggest that any evidence exists to form a basis for seeking such a test.  Finally, this decision is one of strategy.  It appears that counsel decided to cross-examine the state's witnesses regarding the presence of another firearm at the scene – and the investigator regarding the lack of tests for gunshot residue – in an attempt to create reasonable doubt in the jury's minds during deliberations.  S.C.R. Vol. 2, pp., 23, 40, 63, 112.  A gunshot residue test might well have shown that the victim's weapon was not fired – thus supporting the prosecution's case against Kitchens.  Again, the court will not second-guess counsel's strategic decision.  Kitchens has shown neither deficient performance nor resulting prejudice as to this issue, which will be dismissed.

**Ground 8(K): Failure to Suppress Due to Change of Custody Violation**

Kitchens argues that counsel failed to "motion to suppress due to the change of custody violation." Kitchens does not explain this argument – or offer any factual support for it at all. As such, this is a conclusory allegation, which cannot form the basis of a *habeas corpus* claim. Hence, Kitchens has shown neither that counsel's performance was deficient nor that he was prejudiced by counsel's actions. This ground for relief is without merit and will be dismissed.

**Grounds 8(M) and 8(O): Failure to Object to the Presence of the Victim's Gun and Holster in the Courtroom**

Kitchens argues that counsel erred in failing to lodge objections regarding (1) the victim's gun and holster being brought to the courtroom and (2) the playing of Kitchens' taped statement. As to the gun and holsters, counsel's decision object to their presence in the courtroom was one involving strategy. The jury saw the size of the weapon and heard that another weapon was on the scene the night of the crime. In addition, Kitchens has not set forth the basis for an objection – or how counsel's failure to object prejudiced him at all. Regarding counsel's failure to object to the playing of petitioner's taped statement, again, Kitchens has not offered a basis for an objection, as testimony at trial established that the statement was given after Kitchens was advised of his *Miranda* rights and signed a waiver of them. S.C.R. Vol. 1, pp. 11; Vol. 2, pp. 52-56, 57-61 Indeed, counsel sought to have Kitchens' written statement introduced into evidence in support of his defense of accident, and stressed on cross-examination that the statement was, in fact, a voluntary

one.  S.C.R. Vol. 2, pp. 57-61.  For these reasons, Kitchens has shown neither deficiency nor prejudice in counsel's actions, and this ground for relief will be dismissed for want of substantive merit.

### Ground 8(P) and 8(U):  Introduction of Petitioner's Written Statement to the Jury Without Permitting Kitchens the Opportunity to Testify

Kitchens argues that counsel introduced his written statement to the jury and filed Jury Instruction D-6 (the defense of accident) – but refused to allow him to testify. Initially, counsel's decision to introduce his statement and submit the jury instruction D-6 on the defense of accident were matters of strategy which Kitchens has neither argued nor proved were in error.  Further, Kitchens' allegation that counsel "refused to allow him to testify," is squarely contradicted in the record, as the trial court, itself, fully informed Kitchens of his right to testify.

The decision regarding whether Kitchens would testify belonged to Kitchens alone, and the trial court advised him on the record that he had that right. S.C.R. Vol. 2, p. 124.  The court made clear that the decision was Kitchens' to make.  *Id.*  Further, if counsel indeed *advised* Kitchens not to testify, such advice was reasonable.  The evidence established that Kitchens committed the assaults in question, and there was nothing before the jury to show that any weapon other than Kitchens' was fired at the scene. Kitchens' counsel tried to establish reasonable doubt through cross-examination, and he tried not to put into evidence anything that would jeopardize Kitchens' defense or strengthen the State's case.  Had Kitchens testified, a worthy prosecutor would have

17

subjected him to vigorous cross-examination regarding the assault – with potentially

disastrous results.  Kitchens has not proved that counsel's performance was deficient – or

that Kitchens suffered prejudice due to counsel's actions.  This ground for relief is

without merit and will be dismissed.

### Ground 8(Q):  Defense Counsel Failed to Raise<br>a Meaningful Argument that Kitchens Was Merely Defending Himself

Given the record in this case of defense counsel's near heroic efforts to challenge the

State's prosecution in the face of overwhelming evidence of guilt, this ground for relief merits

only a brief discussion.  As set forth in the court's discussion of previous grounds, defense

counsel tested the State's case through the use of vigorous cross-examination of the State's

witnesses with an eye toward showing that the victims were the aggressors – or participated in a

drunken brawl which ended in an accident.  Counsel elicited testimony regarding how much

the victims had to drink, who initiated the disturbance, what actions each person took

regarding the fight, and details from witness about the evening in an attempt to prove that

Kitchens was defending himself – or that the shooting an accident.  S.C.R. Vol. 2, pp. 22-

23, 30-43, 60-62, 71-80, 92-98, 105-114.  Kitchens has not shown what additional facts

counsel could have elicited to support the argument that Kitchens was merely defending himself.

This ground for relief is wholly without merit and will be dismissed.

### Grounds 8(S) and 8(T):  Failure to Call Certain Witnesses

Kitchens claims that counsel was ineffective for failing to cross-examine the

expert witness and failing to call Kitchens' son and daughter-in-law to testify.  An

attorney's decision on whether to cross-examine a particular witness or call a particular

witness is a matter of trial strategy. Counsel's decision not to ask additional questions of the expert witness was reasonable; that witness offered no testimony favorable to Kitchens. Counsel appears to have determined that the less information before the jury from the expert, the less damage the defense would sustain. Kitchens has not stated what cross-examination counsel could have conducted or how such would have changed the verdict. As such, Kitchens' allegations are without merit.

Moreover, Kitchens' allegations that counsel erred in failing to call his son and daughter-in-law are also without merit. "Complaints of uncalled witnesses are not favored in federal *habeas corpus* review because allegations of what a witness would have testified are largely speculative." *Sayre v. Anderson,* 238 F.3d 631, 635-36 (5th Cir. 2001) (citations omitted). Moreover, as above, the decision on which witnesses to call is a matter of trial strategy. Counsel made the strategic decision that Kitchens' son and daughter-in-law were not necessary as witnesses in this matter. It was reasonable for him not to subject these additional witnesses to cross-examination by the State. Finally, nothing in the record supports a finding that their testimony would have resulted in a different outcome had counsel called them to testify. As such, Kitchens cannot prove that counsel was ineffective for failing to call these witnesses, and these grounds for relief will be dismissed.

**Ground 8(V), 8(W), and 8(X): Counsel Erred in Withdrawing Jury Instructions D-2, D-3, D-4, and D-5 (Regarding Simple Assault as to Counts I and II) – and in Failing to Argue that Kitchens Acted in Self-Defense**

Kitchens also claims that counsel was ineffective with regard to certain jury instructions. Kitchens argues that counsel provided deficient performance because he (1) withdrew a jury instruction on simple assault as to Count II of the indictment, (2) should not have given Jury Instructions D-3, D-4 and D-5 because no evidence supported those instructions, and (3) failed to argue for a self-defense instruction.

Kitchens first challenges counsel's decision to withdraw an instruction on the lesser charge of simple assault as to Count II of the indictment, which charged Kitchens with aggravated assault for "shooting at the said Patrick Eubanks with a handgun and by striking him in the head with channel lock pliers . . ." S.C.R. Vol. 1, p. 3. Counsel initially submitted Jury Instruction D-2, an instruction on simple assault as to Count II, but later requested that the instruction be withdrawn. S.C.R. Vol. 1, p. 79; S.C.R. Vol. 2, p. 128. The State argued that "Eubanks was hit and also fired at . . . so I don't know that this is really a lesser included case where it could be simple assault . . . ." S.C.R. Vol. 2, p. 128. Defense counsel argued that the testimony could support it, but acknowledged that D-2 had to do "with the allegation regarding the channel-lock pliers." *Id.* at pp. 128-129. The trial judge pointed out that Instruction D-2, which was based on the assault through the use of channel lock pliers, was not consistent with S-1, the elements instruction submitted by the State with regard to Count II. *Id.* As S-1 did not instruct the

jury specifically with regard to the assault with pliers, but rather required the jury to find

that Kitchens caused or attempted to cause bodily injury "with a deadly weapon or other

means likely to produce death or serious bodily harm (*see* S.C.R. Supp. Vol, p. 2)[2],"

counsel made the strategic decision to withdraw Instruction D-2 – allowing the jury to

find Kitchens guilty of the lesser crime if he assaulted Eubanks with the pliers and either

caused or attempted to cause bodily harm.  S.C.R. Vol. 1, p. 79.  Given the conflicting

jury instructions – and the potential to confuse the jury – counsel's decision to withdraw

Jury Instruction D-2 was reasonable, and his performance was not deficient in so

deciding.

     In addition, counsel actually proffered Instructions D-3, D-4 and D-5 (on simple

assault as to Count I and on self-defense).  By offering these instructions, he tried to give

the jury a basis upon which to vote not guilty on the crimes charged.  More importantly,

the trial court refused Jury Instructions D-3, D-4, and D-5.  S.C.R. Vol. 1, pp. 80-82.

Thus, Kitchens can show neither deficiency nor prejudice in counsel's submission of

instructions ultimately denied.

     Finally, despite the petitioner's statement to the contrary, counsel indeed argued

for a self-defense instruction, as he proffered Jury Instructions D-4 and D-5 on self

---

[2]Instruction S-1, as contained in the original state court record, was missing the second page of the instruction which set forth the required elements for a finding of guilt on Count II of the indictment. *See* S.C.R. Vol. 1, p. 72.  However, while on appeal, on motion of the defense, the record was supplemented to include the missing page of the instruction, and that portion of the instruction is included in the record in the Supplemental Volume at page two (2).

defense. S.C.R. Vol. 1, pp. 81-82. In any even, the jury was nonetheless instructed on self defense, as the court actually gave State's Jury Instruction S-3 (on self-defense) to the jury. S.C.R. Vol. 1, p. 75. Therefore, Kitchens' claim that counsel was ineffective regarding the submission of various jury instructions is belied by the record and without substantive merit. These grounds for relief will be dismissed.

### Grounds 8(Y) and 8(Z): Appellate Counsel Failed to Present Meritorious Issues for Appeal, Including a Claim of Ineffective Assistance of Counsel

Kitchens argues that counsel failed to present any meritorious issues on appeal to the Mississippi Supreme Court. Moreover, he argues specifically that counsel failed to raise the issue of ineffective assistance of trial counsel on appeal. As "a criminal defendant is constitutionally entitled to the effective assistance of counsel on direct appeal as of right, the *Strickland* standard applies to claims of ineffective assistance of counsel by both trial and appellate counsel." *Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001) (internal citations omitted)*; see also Evitts v. Lucey*, 469 U.S. 387, 397-399 (1985). However, appellate counsel does not have a duty to raise every "colorable" claim on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1985); *see also Green v. Johnson*, 116 F.3d 1125, 1126 (5th Cir. 1997). The decision regarding the issues to pursue on appeal is one of strategy, and Kitchens has not shown that counsel's strategy was a poor one. In addition, as discussed in detail above, Kitchens' claims of ineffective assistance of trial counsel are without merit; therefore, the court cannot find counsel's performance deficient in failing to present meritless issues on appeal. *See Mayabb v. Johnson,* 168 F.

3d 863, 869 (5th Cir. 1999); *Ricalday v. Procunier,* 736 F.2d 203, 208 (5th Cir. 1984) ("Because the error at the appellate stage stemmed from the error at trial, if there was no prejudice from the trial error, there was also no prejudice from the appellate error.").

In sum, all of Kitchens' claims for *habeas corpus* relief are without merit, and the instant petition for a writ of *habeas corpus* will be dismissed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 25th day of October, 2011.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**